```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/17/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARDO MENDOZA, *individually and on behalf of others similarly situated*,

Plaintiff,

v.

CGY& J CORP., *doing business as* KITARO SUSHI, GUO YONG CHEN and TINA DOE,

Defendants.

---

No. 15-CV-9181 (RA)

MEMORANDUM OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

On September 25, 2017, following a one-day bench trial in this action brought pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), the Court entered judgment in Plaintiff's favor for an amount of $58,481.10. Dkt. 51. Plaintiff now seeks an additional $20,853.22[1] in attorney's fees and costs. Dkt. 44. On September 14, 2017, the Court provided Defendants two weeks to submit opposition papers, if any. Dkt. 47. Defendants have not opposed the motion.

## DISCUSSION

"Both the FLSA and the NYLL are fee-shifting statutes that entitle plaintiffs to recover reasonable attorney's fees and costs incurred in successfully prosecuting wage-and-hour actions." *Escobar B. Fresno Gourmet Deli Corp.*, No. 16-CV-6816 (PAE), 2016 WL 7048714, at *3 (S.D.N.Y. Dec. 2, 2016); *see also* 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall . . .

---

[1] Plaintiff asserts in his memorandum of law that he is seeking $20,615.62 in fees and costs. There appears to be a calculation error, however, in the time entries for Plaintiff's counsel. The billing records indicate that on August 29, 2016, Joshua Androphy spent 0.6 hours reviewing the case status, but the amount charged is listed as $2.40 instead of $240.00, which would be the appropriate amount at Androphy's normal $400 hourly rate. *See* Androphy Decl. Ex. A p. 1. Accordingly, the Court interprets Plaintiff's application as seeking $20,853.22 instead of $20,615.62.

allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees . . . ."). Plaintiff prevailed at trial and is thus eligible to recover both reasonable attorney's fees and costs. *See Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 66325, at *1 (S.D.N.Y. Jan. 6, 2017).

I.   **Attorney's Fees**

The starting point for determining the presumptively reasonable attorney's fees is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011) (citation and internal quotation marks omitted). The Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community for purposes of this inquiry is the Southern District of New York. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190-91 (2d Cir. 2008). After determining the appropriate hourly rate, the Court must also examine whether the number of hours spent on the case was reasonable, which typically involves examining an attorney's billing records while "exclude[ing] excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

Plaintiff seeks $19,260.00 in fees for the work of two attorneys from Michael Faillace & Associates, P.C., Michael Faillace and Joshua Androphy, who claim to typically bill at hourly rates of $450 and $400, respectively. Faillace is the managing partner of Faillace & Associates, P.C., and has been practicing law since 1983. Androphy Decl. ¶ 4. From 1983 to 2000, he was in-house employment counsel for IBM. *Id.* He has also taught employment discrimination as an Adjunct Professor at both Fordham University School of Law and Seton Hall University School of Law. *Id.* Androphy is a senior attorney at Faillace & Associates. *Id.* at ¶ 5. He graduated from Columbia University School of Law in 2005. *Id.* Before joining Faillace & Associates in 2012, he practiced commercial and employment litigation for seven years at a different law firm. *Id.* He has tried seventeen wage-and-hour cases in federal court. *Id.*

The hourly rates Plaintiff seeks are, at a minimum, on the high end of the acceptable range, and several courts in this District, including this one, have declined to grant these same attorneys the hourly rates they now seek in this matter. *See Portillo v. New Ko-Sushi Japanese Rest., Inc.*, 16-CV-2429 (JMF), 2017 WL 3995602, at *1 (S.D.N.Y. Sept. 8, 2017) (granting Faillace $400 per hour and Androphy $350); *Hernandez*, 2017 WL 66325, at *3 (same); *Larrea v. FPC Coffees Realty Co.*, No. 15-CV-1515 (RA), 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (awarding Androphy an hourly rate of $350); *Najera v. 144 Ninth Gotham Pizza, Inc.*, 12-CV-3133 (DLC), 2017 WL 728703, at *2 (S.D.N.Y. Feb. 24, 2017) (granting Faillace and Androphy $450 and $400 per hour, respectively, but recognizing that such rates are on the high end of what is acceptable in this District); *cf. Quiroz v. Luigi's Dolceria, Inc.*, 14-CV-871 (VVP), 2016 WL 6311868, at *4 (E.D.N.Y. Oct. 28, 2016) (granting Faillace $350 per hour and Androphy $250). Indeed, courts in this District generally approve rates of $300-$400 per hour for partners in FLSA cases and $300 per hour for senior attorneys or associates with eight or more years' experience. *See Hernandez*,

3

2017 WL 66325, at *3. And, as opposed to some instances in which courts have awarded Faillace and Androphy the hourly rates they seek here, this matter was not especially complex, as it involved neither a multitude of plaintiffs nor multiple suits. *See Najera*, 2017 WL 728703, at *2 (awarding Faillace and Androphy $450 and $400 per hour, respectively, in part because the "litigation was not straightforward" and "involved four separate lawsuits that were later consolidated, twenty-two plaintiffs, and two jury trials over more than four years"). The Court is persuaded that the fees requested are too high and therefore, consistent with other recent decisions in this District, reduces the rates sought to $400 per hour for Faillace and $350 for Androphy.

As to the number of hours billed by counsel, Plaintiff has produced contemporaneous time records documenting that Faillace and Androphy spent 47 hours litigating this case through trial. *See* Androphy Decl. Ex. A pp. 1-3. Of that time, 9.2 hours are attributable to Faillace and 37.8 to Androphy. *Id.* For the most part, the Court finds the number of hours to be both reasonable and appropriate.[2] The one exception is with respect to the 4.3 hours Androphy spent on December 21 and 27 of 2016 meeting with and preparing his client for trial. *Id.* at 2. When Plaintiff was called to testify at the one-day bench trial, he appeared unfamiliar with his own sworn affidavit and the accuracy of its substance. *See* Tr. 5:17-6:17, Dkt. 38. As a result, the Court has elected to reduce, in half, the time Androphy billed for preparing Plaintiff for trial, from 4.3 hours to 2.2. Crediting Faillace with 9.2 hours at an hourly rate of $400 and Androphy with 35.7 hours at a rate of $350 yields a total fee award of $16,175.00 rather than the $19,260.00 requested.

---

[2] The time billed includes one hour Androphy spent "draft[ing] and fil[ing] [the] attorney fee motion." Androphy Decl. Ex. A p. 1. In certain situations, courts have refused to award fees for the time spent preparing a fee application. *See Mautner v. Hirsch*, 32 F.3d 37, 39 (2d Cir. 1994). But where, as here, any increase in the fee award will be paid by the "wrong-doer," courts in this Circuit are willing to allow recovery of the attorney's fee for the time spent preparing the application. *See id.* Accordingly, the Court will not strike this one hour billed by Androphy.

## II. Costs

"[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rhodes v. Davis*, No. 08-CV-9681 (GBD), 2015 WL 1413413, at *4 (S.D.N.Y. Mar. 23, 2015) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). Such expenses must be properly substantiated. *See CJ Prods. LLC v. Your Store Online LLC*, No. 11-CV-9513 (GBD) (AJP), 2012 WL 4714820, at *2 (S.D.N.Y. Oct. 3, 2012). Court fees reflected on the Court's docket and costs for which a claimant provides extrinsic proof, such as an invoice or receipt, are considered sufficiently substantiated, as is a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items. *See Abel v. Town Sports Int'l, LLC*, No. 09-CV-10388 (DF), 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 18, 2012).

Here, Plaintiff seeks reimbursement for costs totaling $1,593.22: $400 for the court filing fee, $443.22 for the costs of obtaining transcripts, and $750.00 for the services of an interpreter. All of these costs have been properly substantiated. The filing fee is reflected on the Court's docket, Dkt. 1, Plaintiff has provided a receipt for the transcripts, Androphy Decl. Ex. B, and Androphy has attested under penalty of perjury to the cost of the interpreter, Androphy Decl. ¶ 9. Moreover, the Court discerns no basis for concluding that these costs were unreasonable. Combined with the attorney's fees, therefore, the total amount awarded is $17,768.22.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is granted in the amount of $17,768.22. The Clerk of Court is respectfully directed to close item 47 on the docket and to terminate the case.

SO ORDERED.

Dated:   October 17, 2017
         New York, New York

_____
Ronnie Abrams
United States District Judge